UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA )
)
v. ) No. 3:14-CR-002
)
TROY R. EADS )

## MEMORANDUM AND ORDER

The defendant pled guilty to conspiring to manufacture methamphetamine. He will be sentenced on August 26, 2014. The United States Probation Office has prepared and disclosed a Presentence Investigation Report ("PSR") to which the defendant has filed objections. For the reasons that follow, those objections will be overruled.

I.

*First and Second Objections*

The defendant argues that he should not be assigned four criminal history points at paragraphs 56 and 57 of his PSR. Those points stem from prior state court sentences relating to the *manufacture* of methamphetamine.

This court must initially note that the defendant's first and second objections are so vague and undeveloped that they should be deemed waived. "It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones." *United States v. Cole*, 359 F.3d 420, 428 n.13 (6th Cir. 2004) (citation omitted).

With that said, it appears the defendant objects to the four criminal history points either due to the *date of imposition* of the prior state sentences or because he claims those crimes are *relevant conduct* to the instant federal offense. Neither theory has merit.

A. State Court Offenses

At paragraph 56 of the PSR, the defendant is assigned one criminal history point for a May 9, 2013 sentence imposed by the General Sessions Court of Claiborne County, Tennessee. The defendant pled guilty to possession of items used in the manufacture of methamphetamine (Drano, lithium batteries, and carburetor cleaner). At paragraph 57 of the PSR, the defendant is assigned three criminal history points for a January 21, 2014 sentence imposed by the Criminal Court of Claiborne County, Tennessee. The defendant pled guilty to the sale, purchase, acquisition, or delivery of methamphetamine manufacture precursors.

B. The Instant Federal Offense

At paragraphs 26 through 37, the PSR sets forth an Offense Conduct narrative regarding the instant federal offense. Paragraphs 27 through 35 are taken verbatim from the defendant's plea agreement. The defendant has raised no objection to paragraphs 26 through 37. As such, the contents of those paragraphs are conclusively accepted by this court as findings of fact. *See* Fed. R. Crim. P. 32(i)(3)(A).

In this conspiracy case, codefendants John Ayers, Gary Valentine, and Victor Lynn imported large quantities of already-manufactured methamphetamine from Georgia. [PSR ¶ 36]. "Once the methamphetamine was transported back to Tennessee,

Ayers, Valentine, and Lynn would distribute the methamphetamine to other members of the conspiracy for further distribution." [PSR ¶ 36]. The defendant participated in the conspiracy from January 2013 through January 2014. [PSR ¶ 27]. The defendant obtained methamphetamine from Lynn, which the defendant would then distribute to his own customers. [PSR ¶¶ 28-34].

### C. Analysis

As noted above, the defendant appears to object to the receipt of criminal history points for the state offenses listed at paragraphs 56 and 57 either due to the *date of imposition* of the sentences or because he claims those crimes are *relevant conduct* to the instant federal offense. At paragraph 56, the defendant is assigned one criminal history point for a "prior sentence." *See* U.S. Sentencing Guidelines Manual § 4A1.1(c) (2013). At paragraph 57, the defendant is assigned three criminal history points for a "prior sentence of imprisonment exceeding one year and one month." *See id.* § 4A1.1(a).

"The term 'prior sentence' means any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense." *Id.* § 4A1.2(a)(1) (emphasis in original).

> "Prior sentence" means a sentence imposed prior to sentencing on the instant offense, other than a sentence for conduct that is part of the instant offense. . . . A sentence imposed after the defendant's commencement of the instant offense, but prior to sentencing on the instant offense, is a prior sentence if it was for conduct other than conduct that was part of the instant offense. Conduct that is part of the instant offense means conduct that is relevant conduct to the instant offense under the provisions of § 1B1.3 (Relevant Conduct).

3

*Id.* § 4A1.2 cmt. n. 1. "Relevant conduct" includes all willful acts and omissions of the defendant, along with conconspirators' reasonably foreseeable acts and omissions in furtherance of the conspiracy, "that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense[.]" *Id.* § 1B1.3(a)(1).

Turning first to the defendant's possible argument that the state sentences at paragraphs 56 and 57 should not receive criminal history points due to the date that they were imposed, both state sentences were in fact imposed prior to the upcoming August 26, 2014 sentencing date in this federal case. As such, they are properly deemed "prior sentences" and are properly included in the criminal history calculation. Again, "'[p]rior sentence' means a sentence imposed prior to sentencing on the instant offense . . . ." *Id.* § 4A1.2 cmt. n. 1; *accord United States v. Tilford*, 85 F. App'x 516, 520 (6th Cir. 2004).

As for the defendant's possible argument that paragraphs 56 and 57 should not be counted because they involve conduct relevant to the instant offense, the court disagrees. The state offenses involved the *manufacture* of methamphetamine. The present federal case, by the defendant's own admission, pertains to his distribution of already-manufactured methamphetamine imported from out of state. The defendant's state conduct therefore does not meet the definition of "relevant conduct" cited above. There is no indication (or argument) that the defendant's state manufacturing conduct had *anything* to do with his federal case. While all of these cases involved methamphetamine, that single fact is not enough. The defendant's first and second objections will accordingly be overruled.

4

## II.

### *Third Objection*

Lastly, the defendant objects that his offense level should be decreased by two due to a proposed amendment to the Sentencing Guidelines. Because this court "shall use the Guidelines Manual in effect on the date that the defendant is sentenced," *see* U.S. Sentencing Guidelines Manual § 1B1.11(a) (2013), the probation officer was correct in applying the current version of the guidelines rather than a potential amendment that has not yet been enacted. This "objection" is in fact a variance argument that the court will address at sentencing. As an objection, the defendant's request must be denied.

## III.

### *Conclusion*

For the reasons provided herein, the defendant's objections to his PSR are **OVERRULED** in their entirety. Sentencing remains set for August 26, 2014, at 10:30 a.m. in Knoxville.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge